30038.  HUIET, commissioner, *et al. v.* ATLANTA GAS LIGHT COMPANY.

234

DECIDED DECEMBER 2, 1943.

*Clifford Walker, Olis L. Hathcock,* for plaintiffs in error.

*Moise & Post, Jones, Jones & Sparks,* contra.

MACINTYRE, J.   Plaintiff in error contends that the contract was in restraint of marriage, and therefore void as against public policy.   "Marriage is encouraged by the law, and every effort to restrain or discourage marriage by contract, condition, limitation, or otherwise, shall be invalid and void.   Prohibiting marriage to a particular person or persons, or before a certain reasonable age, or other prudential provisions looking only to the interest of the person to be benefited, and not in general restraint of marriage, will be allowed and held valid."   Code, § 53-107.   In the case of Grimison *v.* Board of Education of City of Clay Center, 136 Kan. 511 (16 Pac. 2d, 492), a woman was employed for a fixed term to teach school under a contract which contained the following clause: "A further stipulation is that the marriage of a lady teacher during the term for which her contract is made automatically abrogates said contract."   She did marry, and was discharged.   She brought action against the board of education upon the theory that the

contractual provision was void as against public policy because in restraint of marriage. The court held the contract to be valid and said: "There was good reason for the command to Adam, Noah, and Jacob to be fruitful and multiply. Whether the commandment has been sufficiently obeyed for present world needs is not a judicial question. However, reproduction is indispensable to continued existence of the human race, and if following marriage of a female under contract to teach, the reproductive function should become operative, and should progress toward or progress to fruition within the period of employment, successful performance of the contract on the teacher's part might be interfered with or prevented. Therefore, for the good of the schools, the board of education may by contract leave it to the teacher to decide whether she will continue to teach, or marry. . . The contract contained no covenant on plaintiff's part that she would not marry, and in point of fact the contract did not restrain her. So far as the contract was concerned, she was free to marry or to remain single; but if she exercised her free choice and married, the condition of the contract that it should thereupon terminate, became operative. . . No man and no woman has a right protected by law to be employed as a teacher by the board of education of the City of Clay Center. No constitutional, statutory, or common-law right of any woman would be infringed if the board refused, for any reason, to employ female teachers. Tender of employment to a woman may be on such terms as the board may deem to be for the best interests of the school, and acceptance of terms by an applicant for employment constitutes waiver of privilege to object to them. . . We have no case of arbitrary or capricious exercise of power by the board of education. Plaintiff and the board of education agreed on terms of employment. Plaintiff exercised her privilege to marry, and thereby terminated her employment." In the case of *Logan* v. *Hammond*, 155 *Ga.* 514 (117 S. E. 428), it was held: "Though contracts in restraint of marriage are void, the intention to impose a penalty for remarriage must be manifest and exclusive. The creation of a fee defeasible by marriage is not necessarily in restraint of marriage, because the beneficiary is submitted to an election between the acceptance of the gift and remarriage, should she prefer to remarry." In the instant case the rule was a reasonable one, and the restraint (if any) was incidental to the primary

lawful purpose of the contract. Thus it was not contrary to public policy. The rule being valid, its effect is obvious. The employee knowingly and voluntarily did the thing which would discontinue her relationship with the employer: she married. There was nothing involuntary about it. She further removed herself from her place of employment in such manner as to become unable to work and unavailable for work. She was not discharged and she did not resign; but she did leave work voluntarily. Thus the woman employee here is disqualified and ineligible to receive unemployment compensation under the provision of the Georgia unemployment-compensation act as amended. Georgia Code Ann., Ch. 54-6.

The ruling announced in headnote 3 requires no elaboration, as it is controlled by *Huiet,* commissioner *et al.* v. *Schwob Manufacturing Co.,* supra. The judge of the superior court did not err in reversing the finding of the Board of Review.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*