Rzepski Unemployment Compensation Case.

Argued March 27, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Sheldon Tabb,* with him *Edward Davis,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., July 17, 1956:

Claimant, Nellie A. Rzepski, has appealed from the decision of the Unemployment Compensation Board of Review, denying compensation because of ineligibility under the provisions of Section 402 (b) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897 (1937), as amended by the Act of March 30, 1955, P. L. 6, 43 PS §802 (b), which provides that a claimant shall be ineligible for unemployment compensation benefits during any week in which his unemployment is due to his voluntarily leaving work "without cause of a necessitous and compelling nature".

The facts are not in dispute. The claimant was last employed by the Keebler Biscuit Company in Philadelphia as a packer for approximately a year and a half. Her last day of work was April 14, 1955, at which time she was placed on maternity leave of absence in that she was just beginning her sixth month of pregnancy.

The claimant is a member of the Bakery and Confectionery Workers International Union, Local 492, A. F. of L., which union is the exclusive bargaining representative for the employes of the company. In its capacity as exclusive bargaining representative, the

union entered into an agreement with the employer, which provided, inter alia as follows:

"As soon as her pregnancy is known to the employe, she may either stop work at once or submit a statement from her physician certifying that she is able to work. If she elects to work and her doctor and the company's doctor agree that she is able to do so, she may continue to work until the beginning of the sixth month of pregnancy. The employe shall not be allowed to work after the beginning of the sixth month of pregnancy and shall be carried on leave until two months after childbirth."

Under the company-union agreement, employes on leave continue to accrue seniority, hospitalization and maternity benefits, and also receive six weeks of disability benefits at the rate of $33 per week. The claimant ceased work by virtue of the terms of this agreement.

In *Means Unemployment Compensation Case,* 177 Pa. Superior Ct. 410, 110 A. 2d 886 (1955), the claimant's union and her employer agreed that any woman employe would be required to resign if she married. This court speaking through Judge GUNTHER denied benefits under the provisions of Section 402(b) supra, "because the evidence disclosed that claimant's unemployment was voluntary, since she was a member of the union and thus separated herself from employment by the action of her own delegated bargaining agent. The unemployment was the direct result of the contract negotiated by her own agreement. The agreement was binding upon claimant and all other employes. The purpose of the Unemployment Compensation Law is to provide relief from hardships of involuntary unemployment." Under similar circumstances a claimant who was a non-union employe of the same company was disqualified in the *Elliott Unemployment*

*Compensation Case,* 180 Pa. Superior Ct. 542, 119 A. 2d 650 (1956).

Both parties in the instant case were bound by the agreement,—the employer, subject to certain limitations, to continue the claimant's employment until the sixth month of pregnancy and the employe to discontinue her employment at that time.

The employer was bound to grant the claimant a maternity leave just as he was bound to permit her to accrue seniority during the period of leave and to grant certain hospitalization and maternal benefits, as well as six weeks of disability benefits. In the light of the agreement the claimant must be disqualified under the provisions of Section 402(b) of the Act.

Decision affirmed.