Czarnecki Unemployment Compensation Case.

Argued November 13, 1957. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Albert C. Shapira,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

*Milton W. Lamproplos,* with him *Smith, Buchanan, Ingersoll, Rodewald & Eckert,* for intervening appellees.

OPINION PER CURIAM, January 21, 1958:

Claimant in this unemployment compensation case was denied benefits under section 402 (b) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802 (b), and has appealed.[1]

---

[1] It was stipulated by counsel for the respective parties that the decision in this case shall be considered as the decision of the Court in the following appeals: Mildred Pavlick v. Unemployment Compensation Board of Review, No. 117, April Term, 1957; Mary B. Merritts v. Unemployment Compensation Board of Review, No. 126, April Term, 1957; Dorothy Mrena v. Unemployment Compensation Board of Review, No. 127, April Term, 1957; Margaret Konesky v. Unemployment Compensation Board of Review, No. 146. April Term, 1957.

Claimant was married on July 23, 1955, and thereby terminated her employment with her employer, the Aluminum Cooking Utensil Company, New Kensington, Pennsylvania, because the union-company collective bargaining agreement, negotiated by the union with which she was affiliated, provided: "No married women will be hired, and no single women who subsequently marry shall be retained beyond a period of thirty (30) days from the date of marriage." Claimant was clearly disqualified. *Means Unemployment Compensation Case,* 177 Pa. Superior Ct. 410, 110 A. 2d 886; *Elliott Unemployment Compensation Case,* 180 Pa. Superior Ct. 542, 119 A. 2d 650, allocatur refused 180 Pa. Superior Ct. xxx.

It is argued on behalf of claimant that this provision in the collective bargaining agreement is illegal under section 701 of the Law, 43 PS §861. The section provides in part: "No agreement by an employe to waive, release, or commute his rights to compensation, or any other rights under this act, shall be valid." It is obvious that the section proscribes agreements to relinquish rights or benefits which the employe otherwise would be entitled to under the Law. It has no application to legitimate conditions of the employment, such as the instant provision in the collective bargaining agreement, which the employer and the employe (individually or through a collective bargaining agent) agree shall govern the employment status. The collective bargaining agreement was binding on claimant. When she married she thereby terminated her employment and voluntarily elected to place herself in an unemployed status for a reason which the Law does not recognize as necessitous and compelling. *Elliott Unemployment Compensation Case,* supra, 180 Pa. Superior Ct. 542, 545, 119 A. 2d 650.

Questions not covered in the statement of questions involved will not be considered on this appeal. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, 385 Pa. 394, 402, 123 A. 2d 413.

The decision is affirmed.