Smith Unemployment Compensation Case.

Argued September 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WOODSIDE, ERVIN, and WATKINS, JJ. (WRIGHT, J., absent).

*Bernard N. Katz,* with him *Joseph B. Meranze,* and *Meranze and Katz,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*Samuel A. Schreckengaust, Jr.,* with him *McNees, Wallace & Nurick,* for employer, intervening appellee.

OPINION BY RHODES, P. J., November 14, 1958:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review denying her benefits on the ground that she was disqualified under section 402 (b) of the Unemployment Compensation Law, 43 PS §802 (b).

Claimant was last employed on a belt line operation by the Hershey Chocolate Corporation, Hershey, Pennsylvania. On February 8, 1956, the employment relationship was terminated because of a company policy which forbids female employes from continuing at work beyond the fifth month of pregnancy. It was the conclusion of the board that this company policy had been accepted as a condition of employment, and that the separation in accordance therewith was voluntary on the part of claimant whereby she was disqualified to receive benefits. *Rzepski Unemployment Compensation Case,* 182 Pa. Superior Ct. 16, 19, 124 A. 2d 651.

The initial argument on behalf of claimant is that the company policy concerning pregnancy was not a condition of employment because, as alleged, there was no agreement between claimant and the company on this subject. The decision of the board, however, indicates otherwise. The board found that claimant was originally hired in July, 1951, and that she was informed of the company policy at that time. She had been laid off and reinstated at various times prior to her last period of employment from July 18, 1955, until her separation on February 8, 1956. At the time of her employment in 1951, claimant signed a statement which acknowledged receipt of a copy of an "Employees Manual," and which further stated: "It has been explained to me that the policies, rules and regulations as set forth by the Company vitally concern my employment at Hershey Chocolate Corporation. I agree

to abide by these rules and regulations and subsequent changes contained therein and am subject to penalties for violations." The manual which claimant received provided: "Pregnancy is not a basis for leave. a. It is up to any person concerned to contact the nurse in the First Aid Room for advice about staying on the job." Subsequent to May 1, 1954, the company distributed a revised manual to all employes, which contained the following: "Pregnancy is not a basis for leave. a. It's up to the person concerned to contact the Medical Department about staying on the job. b. However, for women's protection, they can't continue to work beyond the 5th month of pregnancy."

The collective bargaining agreement between the union and the company in effect at all times during the course of claimant's employment made reference to the "Employees Manual" as follows: "An Employees Manual which shall set forth such matters as safety and plant rules, a brief outline of the Group Insurance and Annuity Plans, and the Employer's policy on Union recognition, shall be distributed to all employees."

Such findings of the board are supported by the evidence and sustain its conclusion that the policy of the company concerning pregnancy was a condition of employment binding upon claimant. *Elliott Unemployment Compensation Case*, 180 Pa. Superior Ct. 542, 544, 119 A. 2d 650. In addition to other testimony claimant acknowledged that she was fully aware of the company's regulation requiring a woman employe to leave her employment at the end of the fifth month of pregnancy.

Claimant's next contention is that the company policy or agreement with her as an individual employe was invalid because it was allegedly inconsistent with and contrary to the collective bargaining agreement

in effect between the company and the union of which claimant was a member. We find no merit in this argument. The collective bargaining agreement had no provision concerning pregnancy, and there is nothing in the agreement to prohibit such a policy from being a condition of employment. In fact, the agreement expressly recognizes the "Employees Manual" as an instrument "which shall set forth such matters as safety and plant rules, . . ."

A company policy or individual contract expressive of terms and conditions of employment may be invalid in so far as it may conflict or be inconsistent with a collective bargaining agreement. *J. I. Case Company v. National Labor Relations Board,* 321 U. S. 332, 335, 64 S. Ct. 576, 88 L. Ed. 762, 766. But the fact that the collective bargaining agreement in this case contains no provision concerning pregnancy does not have the effect of eliminating the company policy in regard thereto from the terms and conditions of employment. A collective bargaining agreement is not necessarily synonymous with the contract of employment (*Amalgamated Association of Street, Electric Railway and Motor Coach Employes of America v. Pittsburgh Railways Company,* 393 Pa. 219, 223, 142 A. 2d 734) ; the employment may be validly affected by terms and conditions or company policies relating to matters not encompassed by the collective bargaining agreement. *United States Steel Corporation v. Nichols,* 229 F. 2d 396, 399, certiorari denied 351 U. S. 950, 76 S. Ct. 846, 100 L. Ed. 1474; *Grocery and Food Warehousemen Local Union No. 635 v. Kroger Company,* 364 Pa. 195, 196, 70 A. 2d 218; *National Labor Relations Board v. Nash-Finch Company,* 211 F. 2d 622, 626. Here the company policy, expressly made a condition of employment, is not in conflict with the collective bargaining agreement nor is it inconsistent therewith.

Finally, it is contended that the individual agreement covering separation for female employes who are pregnant beyond five months indirectly waives a right to unemployment compensation, and that it is invalid under section 701 of the Law (43 PS §861). Section 701 has no application to legitimate conditions of employment, such as appears in the present case, which the employer and employe agree shall govern the employment status. *Czarnecki Unemployment Compensation Case*, 185 Pa. Superior Ct. 46, 137 A. 2d 844.

The decision is affirmed.