111 So.2d 142 (1959)
YELLOW CAB COMPANY OF SHREVEPORT, INC., Plaintiff-Appellant,
v.
Levi Arnold STEWART and Administrator of Division of Employment Security of Department of Labor of State of Louisiana, Defendant-Appellee.
No. 8966.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1959.
Rehearing Denied May 4, 1959.
Certiorari Denied June 1, 1959.
*143 Love & Rigby, Shreveport, for appellant.
Herbert C. Harrison, Shreveport, Lewis D. Dunbar, Baton Rouge, for appellees.
Before GLADNEY, AYRES and JAMES E. BOLIN, JJ.
BOLIN, Judge ad hoc.
This is an appeal by the employer of Levi Arnold Stewart from a decision of the First Judicial District Court affirming the decision of the Board of Review of the Division of Employment Security of the State of Louisiana awarding the employee unemployment compensation. The employee was a cab driver employed by the appellant and he was discharged by the appellant on April 10, 1958. He thereafter filed a claim for unemployment compensation with the Louisiana Division of Employment Security of the State of Louisiana. He was disqualified by that administrative agency on the ground that he was discharged for misconduct connected with his work.
He appealed the administrative finding to the Appeals Referee of the said agency who affirmed the findings. He then appealed the decision to the Board of Review for the Division of Employment Security of the Department of Labor of the State of Louisiana, which reversed the decision of the Appeals Referee and removed the disqualification.
The employer, Yellow Cab Company of Shreveport, Inc., appealed to the First Judicial District Court for a review of the findings, conclusions and decision of the said Board of Review. In the First Judicial District Court the employer filed a motion to remand to the Board of Review for the taking of additional testimony, alleging in the said motion that the said employee, in addition to the accidents testified to in the administrative hearing, was involved in other accidents on Tuesday, May 1, 1956, on Monday, August 27, 1957, Wednesday, June 12, 1957, Friday, August 1, 1957, and Friday, October 4, 1957, all of which caused property damage to your petitioner's cab and to the other vehicles involved. The trial court overruled the motion to remand. Thereafter, the entire administrative record *144 in the case was filed in evidence in accordance with the statutory provision, the matter briefed, and the decision of the Board of Review was sustained. The plaintiff-employer and appellant filed and perfected this appeal.
The application by the employee was for unemployment compensation and was under the provision of LSA-R.S. 23:1471-1713. The petition for a judicial review of the decision of the Board of Review was filed pursuant to LSA-R.S. 23:1634. His application was denied by the administrative agency on the ground that he was disqualified under the provisions of LSA-R.S. 23:1601(2) which provides as follows:
"An individual shall be disqualified for benefits:
* * * * * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment * *"
Under the same section, the disqualification is effective until the claimant earns wages equal to ten times his weekly benefit, or earns wages totaling $250.
The plaintiff-employer re-urges the motion to remand for the taking of additional evidence by the Board of Review.
LSA-R.S. 23:1634 provides:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court."
The motion to remand seems to have little merit because at the hearing which was held before the Board of Review for the Division of Employment Security the employer was represented by Mr. Busby. The record of these proceedings show that the employer had ample opportunity to ask the claimant any questions that he desired and that Mr. Busby was sworn and testified as to some of the material facts. There is nothing to show that the employer did not have ample opportunity to prove "other acts of misconduct." This motion to remand seems to be an afterthought on the part of the employer or an attempt by him to get a "second bite at the cherry," which is not the purpose of the provisions of L SA-R.S. 1634 in providing:
"No additional evidence shall be received by the court, but the court may order additional evidence to be taken by the board of review * * *." (Emphasis supplied.)
As to the appellant's claim on the merits that the employee was dismissed because of misconduct on his part, there have been many cases decided on the statutory provision involved, as to what constitutes "misconduct" connected with his employment. Among these cases may be found four cases decided by the Court of Appeal, Second Circuit, State of Louisiana: Burge v. Administrator, 2 Cir. 1955, 83 So.2d 532; Lacombe v. Sharp, Administrator 2 Cir. 1957, 99 So.2d 387; Sewell v. Sharp, 2 Cir. 1958, 102 So.2d 259; Chapman v. Division of Employment Security of Department of Labor, 2 Cir. 1958, 104 So.2d 201.
It has been repeatedly held by the appellate courts of this State that the Louisiana Employment Security Act falls within a class of social and economic legislation, which is remedial in its nature, and, as such, should be so interpreted by the courts as to extend its benefits as far as possible within the bounds imposed by expressed legislative restrictions. Lacombe v. Sharp, supra, and Sewell v. Sharp, supra. It, therefore, follows that in the case under *145 consideration the statutes should be liberally construed insofar as possible in favor of the employee who is now before this court seeking to receive certain unemployment benefits under the Act.
It also seems to be the uniform jurisprudence in this State that the judicial review of the findings of the Board of Review of the Division of Employment Security of the Department of Labor of its findings of fact, pursuant to LSA-R.S. 23:1634, is restricted by legislative mandate and, where fraud is not an issue, the courts should only be concerned with determining if the findings of fact by the said Board are supported by legal and competent evidence. In other words, the courts should not substitute their findings to those of the Board if such findings are supported by legal evidence. Lacombe v. Sharp, supra, and Chapman v. Division of Employment Security of Department of Labor, supra.
As to the question under consideration, the Board of Review for the Division of Employment Security found, as shown in connection with its decision which was rendered on July 3, 1958, and filed as evidence during the trial before the trial court:
"A review of the evidence in this case shows that the claimant was employed as a taxi cab driver for approximately ten years, and he was dismissed when he was involved in an automobile accident. It has been established by competent evidence that during the period of employment with this employer, he had three accidents. Although the last accident was determined to be unavoidable from the standpoint of negligence on the part of the claimant, it was felt that for the best interests of the company, due to his age, it would be best to terminate his services.
"And after due consideration of record and evidence, it is the unanimous opinion of this Board that there has not been established by sufficient, competent evidence, that the claimant was guilty of misconduct in connection with his work; therefore, the disqualification of the Agency is removed."
In connection with the decision rendered and signed by the Board of Review, the entire transcript of the proceedings which were held by the Board were likewise filed in evidence. These proceedings show that the witnesses were duly sworn and fully examined by all parties concerned. The evidence that was thus adduced convinced the Board that the various acts of misconduct charged against the employee were no more than acts of negligence on his part and thereby did not constitute misconduct under the statute. This finding by the Board of Review certainly seems to be substantiated by legal evidence and was, therefore, rightly not disturbed by the trial court.
In an effort to convince this court that the various acts of negligence on the part of the employee constituted acts of "misconduct", the appellant has quoted from the findings in the case of Burge v. Administrator, etc., supra [83 So.2d 534], wherein the court said:
"`The term "misconduct" has been defined as follows:
"`"Willful and wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show intentional and substantial disregard of the employer's interests, or of the employee's duties and obligations to his employer."'"
The above quotation has no application to the case under consideration because the acts of the employee in the cited case were found to be "willful and wanton," *146 whereas in the case under consideration the Board of Review correctly found that the acts of the employee were merely acts of negligence on his part.
Counsel for the appellant also seems to attach a great deal of importance to the findings of the Board of Review that one of the accidents in which the employee was involved was determined to be "unavoidable from the standpoint of negligence on the part of claimant." Counsel then pursues this argument further by stating that such a finding by the Board was an erroneous conclusion of law and for this reason he thereby argues that their findings were not supported by legal evidence. This court cannot agree with this theory because, as heretofore stated, "negligence" and "misconduct" are not necessarily synonymous under the statute in question.
In an effort to further show that the Board of Review incorrectly found as a legal proposition that the various automobile accidents in which the employee was involved were "unavoidable", appellant cites the following cases: McDaniel v. Capitol Transport Co., La.App., 1 Cir. 1948, 35 So.2d 38; Gandy v. Arrant, La. App., 2 Cir. 1951, 50 So.2d 676; Reeves v. Caillouet, La.App., 1 Cir. 1950, 46 So.2d 373.
The above cases seem to be general authority for the legal axiom that it is negligence on the part of the driver of an automobile to follow too closely behind another vehicle. This court has no argument with the findings of the above cases because, certainly, such is the general law as set forth by numerous decisions of our appellate courts. However, the legal findings in the above cases have no application to the case under consideration because, as previously stated herein, mere acts of negligence on the part of a taxicab driver are not necessarily acts of misconduct under the Louisiana Employment Security Act. In this connection it was aptly stated in the case of Burge v. Administrator, etc., supra:
"We are mindful that Section 1601 does not qualify the word `misconduct' with `willful' or other adjectives denoting relative degrees of culpability, but where used in similar unemployment compensation acts and judicially interpreted `misconduct' has been distinguished from mere heedlessness or carelessness."
For the reasons stated herein it is the opinion of this court that the evidence substantially supported the decision of the Board of Review in its finding that the plaintiff was not guilty of misconduct in connection with his employment which would justify denying him benefits under the Louisiana Employment Security Act.
There is no error of law in the judgment from which appealed, and, accordingly, it is affirmed at appellant's cost.
HARDY, J., absent.