## Klaniecki Unemployment Compensation Case.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thelma Suplit Klaniecki*, appellant, in propria persona, submitted a brief.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for appellee.

OPINION PER CURIAM, September 16, 1959:

This is an unemployment compensation case in which the Board of Review refused claimant compensation on the ground that she voluntarily terminated her employment under section 402(b) of the Unemployment Compensation Law, 43 PS §802(b), when she resigned in accordance with a company policy which forbids female employes to work beyond the sixth month of pregnancy.

Claimant was employed as a chemist by the Pittsburgh Coke and Chemical Company, Pittsburgh, Pennsylvania. The record shows that established company policy did not permit female employes to work beyond the sixth month of pregnancy. The board found claimant was aware of such company policy regarding pregnancy, and that pursuant to such policy claimant left her employment on June 14, 1957, being in her sixth month of pregnancy.

The bureau originally allowed benefits; the referee affirmed the bureau. On appeal by the employer the board reversed and denied benefits, relying upon *Rzepski Unemployment Compensation Case*, 182 Pa. Superior Ct. 16, 124 A. 2d 651.

The present appeal is governed by the decision of our Supreme Court in *Smith Unemployment Compensation Case*, 396 Pa. 557, 154 A. 2d 492. See, also, *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A. 2d 906. In the *Smith* case our Supreme Court held that, while the company policy of not employing females after the fifth month of pregnancy might be a binding condition of the contract of employment, ei-

ther as part of the collective bargaining agreement or as a private contract, such provision did not render the claimant "voluntarily unemployed" within the Unemployment Compensation Law of this Commonwealth. In so holding the Supreme Court adopted the reasoning of Justice BRENNAN (now Justice of the United States Supreme Court) in *Campbell Soup Company v. Board of Review*, 13 N. J. 431, 100 A. 2d 287, that the factual matrix at the time of separation from the employment should determine the eligibility of an employe rather than the terms of any collective or private contract of employment.

It clearly appears that claimant desired to continue to work despite the fact that she was in her sixth month of pregnancy, and that she terminated her employment solely because of the company policy excluding further employment.

The decision of the Unemployment Compensation Board of Review is reversed, and the record is remanded to the board for determination of the proper compensation due claimant.