205 So.2d 59 (1967)
Eulalie E. COOPER
v.
F. C. DOYAL, Jr., Administrator Division of Employment Security, Department of Labor, State of Louisiana and Delta Airlines, Inc.
No. 2777.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Rehearing Denied January 9, 1968.
Writ Refused February 2, 1968.
*60 James F. Quaid, Jr., New Orleans, for Eulalie E. Cooper, plaintiff-appellee and appellant.
Melvin L. Bellar, Marion Weimer and James A. Piper, Baton Rouge, for F. C. Doyal, Jr., Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, defendant-appellant and appellee.
Bernard Marcus, Charles K. Reasonover, Deutsch, Kerrigan & Stiles, New Orleans, for Delta Airlines, Inc., defendant-appellant.
Before REGAN, YARRUT and CHASEZ, JJ.

ON MOTION TO DISMISS AND ON THE MERITS.
CHASEZ, Judge.
This is an appeal by Eulalie E. Cooper, former airline stewardess, and F. C. Doyal, Administrator of the Louisiana Division of Employment Security, seeking a reversal of the judgment of the district court which disqualified her from receiving unemployment compensation benefits. Delta Airlines, former employer of Mrs. Cooper, is the sole defendant-appellee in the present proceedings.
The facts concerning Mrs. Cooper's termination of employment are not in dispute. Mrs. Eulalie E. Cooper was employed by Delta Airlines as a stewardess for five and one-half years. One of the conditions of her employment, which was set out in a written agreement, provides that she would be required to resign as a stewardess if she should marry. In September, 1965 Mrs. Cooper (then Miss Eulalie E. De Blois) made plans to marry and tendered a letter of resignation to her employer. On October 7, 1965 she stated that *61 her marriage had been postponed and asked to be reinstated as a stewardess. She was allowed to continue working as a stewardess although she had carried out her plans to marry on October 17, 1965, just ten days after she asked to be reinstated.
She continued working until around the end of March, 1966 when, upon discovery that she had married, Delta sought her resignation which she then refused to submit. Delta then discharged her in her capacity as stewardess.
Following her discharge, Mrs. Cooper filed a claim for unemployment compensation which has been denied at each level of review within the Division of Employment Security before reaching the judiciary. Thus, her initial ruling was taken before an appeals referee, then the Board of Review, prior to its litigation before the district court from which this appeal is taken. The matter is now before this court on a motion to dismiss as well as on the merits.

ON THE MOTION TO DISMISS THE APPEAL
Delta Airlines, Inc., appellee herein, filed a motion to dismiss the appeal filed by F. C. Doyal, Jr., Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana. The reason asserted in the motion for dismissal is that the said appellant had no right of action to seek reversal of the decision binding upon the Administrator.
LSA-R.S. 23:1634 provides in part as follows:
"Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. * * * The administrator shall be deemed to be a party to any such proceeding. * * *"
Therefore the motion to dismiss is denied.

ON THE MERITS
The judgment of the district court which denied Mrs. Cooper's claim is predicated on the rule established by this court in Brown v. Southern Airways, Inc., 170 So.2d 245, cert. den., 247 La. 361, 171 So.2d 478. In that case this court stated:
"The general rule is that employees who marry, and thereafter have resigned because of a company rule prohibiting continuation of employment after marriage, are held to have voluntarily quit their work without good cause, and are not eligible for unemployment compensation.
"The cases * * * [citations] * * are uniformly to the effect that a company rule, whether promulgated unilaterally, or in a collective bargaining agreement, providing for the discharge of female employees upon marriage, is a reasonable and valid condition of employment, the enforcement of which does not create liability for unemployment compensation."

* * * * * *
"Regarding the contention that this stipulation regarding `marriage' was contrary to LSA-R.S. 23:1691 (cited supra), the district judge properly stated in his reasons for judgment:
"`* * * this provision has no application to a valid, binding condition of employment. * * *
The condition at issue is valid and based on sound policy. It is not an agreement to waive benefits, but is simply a condition of employment. The voluntary violation of a valid, legal condition of employment by the employee disqualified such employee from unemployment benefits'."

*62 * * * * * *
"The duties required of a stewardess are such that, if she should become pregnant, she might endanger herself and her unborn child, as well as the passengers under her care. Any ill or disabled stewardess cannot properly perform her duties during flight which are essential to the comfort and safety of passengers. In times of emergency the stewardess is expected to take the lead in saving lives; hence, she must be in first-rate physical condition. She is likely to be called away from home for 48 hours at a time, and is always subject to permanent transfer of station on very short notice. As a married hostess' home is with her husband and is not as mobile as when she was unmarried, such a transfer might jeopardize her marriage. Immobility of an airplane stewardess could seriously hamper her employer's ability properly to service its passengers and might endanger their safety."
We have not come to a different opinion of the law as stated in Brown v. Southern Airways, Inc., and we shall apply it in extenso so long as the case before us cannot be distinguished on fact.
Both appellants in their briefs have attempted to distinguish the present litigation from the Brown case, supra, on the fact that rather than resigning of her own accord, Mrs. Cooper had to be fired. Because of this difference in fact, appellants argue that Mrs. Cooper did not voluntarily leave her employment, as in the Brown case, and therefore unemployment compensation should not be denied.
The fact remains, however, that the condition which caused Mrs. Cooper to be ineligible for further employment as a stewardess was brought into effect by her individual act. She applied for reinstatement on the basis of her remaining single, just ten days before she married. She untruthfully stated her plans had been altered when in fact she carried out her intentions to marry, in willful breach of her written agreement with Delta. Thus, whether she resigned or caused Delta to discharge her, the termination of her employment only became necessary after her voluntary breach of a valid, binding condition of employment. We cannot say that she did not voluntarily leave her employment when she of her own accord violated the terms of her agreement with Delta which made her discharge imminent. Thus it is irrelevant whether she resigned or made herself ineligible to continue, the termination of employment was based on voluntary activity without good cause and is within the purview of the Brown decision.
Counsel for Mrs. Cooper further contends that Delta's employment policy of hiring only unmarried stewardesses is a violation of the Civil Rights Act of 1964 and the United States Constitution. We are, however, unimpressed with the argument that the statute is unconstitutionally applied. Delta's policy is simply a reasonable and valid condition of employment based on a logical occupational qualification necessary to maintain the normal operation of the airline. See 42 U.S.C. § 2000e-2(e) (1).
The most recent ruling on this statute in the Federal Courts has come from a contest between two of the same parties that are involved in the instant case. In Cooper v. Delta Airlines, Inc., 274 F.Supp. 781, 782, (E.D.La.1967) Judge Comiskey determined that Mrs. Cooper's rights were not violated, but that Delta's employment policy "* * * comes within the legal exception of the Civil Rights Law, 42 U.S.C. § 2000e-2(e), known as a `bona fide occupational qualification';
"`* * *, (1) it shall not be an unlawful employment practice for an employer to hire * * * employees, * * *, on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business * * *,'" *63 Thus, the allegation that the Constitution and the Civil Rights Act is violated is not well founded nor does it weaken the validity of the Brown decision, supra.
We are of the opinion that the present litigation presents no problem that hasn't already been considered in the Brown case. Therefore, we affirm the judgment of the lower court and apply the reasoning of Brown v. Southern Airways, Inc., La.App., 170 So.2d 245 in extenso to the case at bar. All costs shall be borne by appellant, Eulalie E. Cooper.
Affirmed.