EDWARDS, Judge.
The Administrator of the Office of Employment Security appeals pursuant to LSA-R.S. 23:1634 from a judgment of the district court which disqualified Francis M. Bates from receiving unemployment compensation benefits.
The claimant, Bates, a truck driver, who was employed by Foremost-McKesson, Inc., was discharged on April 5, 1974 because of a traffic accident in which he was involved. Bates thereafter filed a claim for unemployment compensation benefits. His claim was denied because it was found that he was discharged for misconduct connected with his employment. Bates requested and received a hearing before an appeals referee, who concluded that “the claimant’s separation was at the convenience of the employer and under non-disqualifying conditions.” Foremost-McKesson appealed to the Board of Review, which affirmed the referee’s decision. Foremost-McKesson then sought judicial review and obtained a remand of the appeal in order for additional testimony to be taken. The Board, after considering the additional testimony, affirmed its previous ruling, and returned the appeal to the district court. The district court, after reviewing the entire record, reversed the Board’s decision and declared Bates disqualified under LSA-R.S. 23:1601(2).[1]
The salient facts found by the referee and accepted by the trial court indicate that Bates was employed by Foremost-McKesson for over eight and a half years. He was involved in an accident on March 27, 1974, while driving a company truck and acting within the course and scope of his employment. The accident occurred at the intersection of Louisiana highways 29 and 107 near Cottonport, Louisiana. Bates was traveling behind a car driven by a Mr. Cooper and was driving at approximately 25 m. p. h. When Cooper stopped at the yield sign at the intersection to allow an oncoming vehicle to pass, Bates was unable to stop his truck in his lane without hitting the Cooper vehicle and swerved into the oncoming lane where the collision occurred.
Substantial property damage to the company truck as well as property damage to the other vehicle and personal injuries to ■ the occupants of the other vehicle resulted from the accident. Bates received and did not contest a traffic citation for reckless driving.
Based on the evidence and the recognized legal presumption that a motorist involved in an accident in the wrong lane of traffic is negligent, the district court found that the accident was caused by Bates’ negligence and resulted in serious damage to company property. The district court also found that Bates and Foremost-McKesson had stipulated between themselves, by virtue of the applicable union collective bargaining agreement, as to what conditions should be cause for dismissal. The district *362 court held that based on the standard of conduct agreed upon by the parties Bates was discharged for cause amounting to misconduct connected with his employment and consequently he was disqualified to receive compensation benefits.
The administrator contends that the district court erred:
(1) in finding that Bates was negligent in causing the accident; and
(2) in applying the terms of the collective bargaining agreement to determine if Bates was discharged under disqualifying circumstances.
The evidence in the record indicates that Bates was involved in an accident while he was in the wrong lane of traffic. Further, there is no evidence offered by Bates which satisfactorily rebuts the legal presumption of negligence. Under these circumstances, the district court correctly found that Bates was negligent. See Simon v. Ford Motor Company, 282 So.2d 126 (La.1978).
Accordingly, there is no merit in the Administrator’s first contention of error.
However, we find that the second contention is well founded.
In force at the time of the accident was an agreement between Foremost-McKesson and General Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local 270 of which Bates was a member. Article VII of this agreement provided in pertinent part:
DI SCIPLINE-GRIE VAN CES-ARBITRATION
“The Company shall not discipline or discharge any employee without just cause and shall give at least one warning notice of the complaint in writing against such employee, such warning notice shall be retained for one year, except that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty, use of alcohol beverages while on duty, reporting to work under the influence of alcohol, narcotics, “RX” stimulants or hypnotics, recklessness or negligence resulting in a serious accident or serious damage to company property, carrying of unauthorized passengers or failure to report an accident. Violation of other Company rules may also be subject to discipline or discharge without warning if the offense warrants such action . . ”
An examination of this agreement reveals that although it describes certain conduct which will warrant the discharge of an employee, it does not establish a standard of conduct at variance with the criteria established by law for determining an employee’s eligibility vel non to receive unemployment benefits. The agreement does not attempt to define what will constitute “misconduct connected with the employment” within the context of LSA-R.S. 23:1601(2).
We therefore find that the district court erred in holding that Article VII, which provides the criteria to be used for discharging an employee, also provides the standard for determining if an employee is “disqualified” under LSA-R.S. 23:1601(2) from receiving compensation benefits.
We find inapposite the two cases, Brown v. Southern Airways, Inc., 170 So.2d 245 (La.App. 4th Cir. 1964) and Cooper v. Doyal, 205 So.2d 59 (La.App. 4th Cir. 1967), relied upon by Foremost-McKesson. The Court in those cases found that employees (stewardesses) who had contracted and agreed to resign if they got married, and subsequently resigned or were discharged when they married, were disqualified under LSA-R.S. 23:1601(1) because they voluntarily left their employment without good cause. Bates, in the instant ease, did not contract or agree to resign should he be involved in a traffic accident, nor did he voluntarily leave his employment. On the contrary, Bates was discharged by his employer for a single act of negligence. Accordingly if Bates is indeed disqualified to receive unemployment benefits, such disqualification rests under LSA-R.S. 23:1601(2) and does not fall within the ambit of LSA-R.S. 23:1601(1) and the above cited cases.
We now must determine, independent of the collective bargaining agreement, whether Bates was discharged for misconduct *363 connected with his employment, and consequently disqualified to receive unemployment benefits.
The phrase “misconduct connected with the employment” was defined in Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963), where the Supreme Court stated at 148 So.2d pages 608 and 609:
“. . .In those cases the courts uniformly enunciated the same interpretation as has been adopted by the tribunals of other jurisdictions having similar statutes. A concise statement of that interpretation is set forth in 48 American Jurisprudence, verbo Social Security, unemployment Insurance, etc., Section 38, page 541, thusly: “Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligation to the employer. * * *”
Applying that standard to the instant case, though Bates is presumed negligent, this single act of negligence does not come close to being “of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.” See Williams v. Brown, 157 So.2d 237 (La.App. 3rd Cir. 1963).
We find that Foremost-McKesson has not met its burden of proving misconduct. Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964).
It was noted in Turner v. Brown, 134 So.2d 384, 386 (La.App. 3rd Cir. 1961): “Unemployment compensation is not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state and of the family.” We believe this purpose is served in the instant case.
For the above reasons, the judgment of the district court is reversed; and judgment is herein rendered decreeing that the claimant Francis M. Bates is entitled to unemployment compensation benefits. All costs are to be paid by the appellee, Foremost-McKesson.
REVERSED AND RENDERED.

. LSA-R.S. 23:1601
An individual shall be disqualified for benefits:
[[Image here]]
(2) If the administrator finds that he has been discharged for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances. In addition, if the administrator finds that such misconduct has impaired the rights, damaged or misappropriated the property of or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be canceled and no benefits shall be paid on the basis of wages paid to the individual by such employer, (emphasis added).