499 So.2d 1002 (1986)
Anthony JACQUET, Plaintiff-Appellee,
v.
CONSOLIDATED COMPANIES, INC., et al, Defendants-Appellants.
No. 85-929.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1003 Deutsch, Kerrigan & Stiles, Bernard Marcus and Howard J. Ettinger, New Orleans, for defendants-appellants.
Fredric G. Hayes, Lafayette, for plaintiff-appellee.
Herman Robinson, James A. McGraw, Denise A. Nagel, Frank T. Scott, Jr., Baton Rouge, for defendants-appellees.
Before DOUCET, LABORDE and KNOLL, JJ.
PER CURIAM.
Consolidated Companies, Inc. appeals the trial court judgment which reversed decisions of the Appeals Referee and the Board of Review denying the employee's claim for unemployment compensation on the ground of misconduct.
It is obvious from our review of the record that the plaintiff, Anthony Jacquet, was at fault in the two vehicular collisions referred to below and that this probably was good cause, from the standpoint of the employer, to terminate his employment. However, we must agree with the district judge (and with George Whitefield in his official capacity as Administrator of the Office of Employment Security, defendant-appellee) that the evidence was insufficient to establish statutory "misconduct" as that term has been previously interpreted by the courts of this state. The facts and law have been correctly and succinctly stated in the trial judge's written reasons for judgment which we adopt as our own and quote as follows:
"Plaintiff was discharged from employment by defendant after being involved in two (2) automobile accidents within a six (6) month period of time which caused damage to defendant's property in excess of $37,000.00. Plaintiff received traffic citations for both accidents. Plaintiff was discharged for misconduct and was denied unemployment benefits. This decision was affirmed by the Appeals Referee and the Board of Review, who found that he was discharged for misconduct under R.S. 23:1601(2).
According to R.S. 23:1601(2), an individual shall be disqualified for benefits if the administrator finds he has been discharged for misconduct connected with his employment. R.S. 23:1634 provides that in any judicial review, the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
Having reviewed the law and the evidence, the Court reverses the decision of the appeals referee and the Board of Review, finding that the denial of unemployment benefits was improper as a matter of law. As the Louisiana Supreme *1004 Court stated in Charbonnet v. Gerace, 457 So.2d 676 (La.1984), for a claimant to be disqualified from receiving unemployment benefits because of `misconduct connected with his employment', the misconduct must have resulted from willful or wanton disregard of the employer's interests, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has a right to expect from his employee. The type of behavior which is considered `willful misconduct' is intentional[ly] wrong behavior. For purposes of disqualification from unemployment compensation benefits for misconduct connected with employment, negligence and misconduct are not necessarily synonymous. See Yellow Cab Co. of Shreveport, Inc. v. Stewart, 111 So.2d 142 (La.App. 2nd Cir.1959).
While plaintiff may have been negligent in the two (2) automobile accidents, such negligence does not constitute misconduct within the meaning of R.S. 23:1601(2), as a matter of law. See Charbonnet v. Gerace and Yellow Cab Co. of Shreveport, Inc. v. Stewart, supra, and Foremost-McKesson, Inc. v. Doyal, 353 So.2d 360 (La.App. 1st Cir. 1977) [writ denied, 354 So.2d 1050 (La. 1978) ].
In view of the above, plaintiff was improperly denied unemployment compensation benefits, and is entitled to the same."
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.