LABORDE, Judge.
The claimant, Ronald Biddle, seeks judicial review of an administrative agency decision denying him unemployment benefits. The Office of Employment Security for the Louisiana Department of Labor determined that claimant was ineligible to receive unemployment benefits because he had been discharged for misconduct connected with his employment pursuant to LSA-R.S. 23:1601(2). The Department’s decision was affirmed by the Appeals Referee who rendered a written decision on December 19, 1986. The decision of the Appeals Referee was reaffirmed by the Board of Review and by the district court. We reverse.
FACTS
After a hearing, the Appeals Referee made the following findings of fact:
“The claimant was employed by ConAgra from November 21, 1983 until September 29, 1986. He was a Supervisor in the Packing Department, earning $326.00 per week. He generally worked forty hours per week.
After the claimant had been working for a few hours on September 29, 1986, Bailey Simmons, a co-worker who was putting product in the employer’s freezer blast, informed the claimant that the freezer blast was not operating properly. The claimant did not report this fact to his supervisor, Daniel Burris. The claimant did not check the refrigeration unit to see if it was operating properly but continued to work an additional four or more hours that day. As a result, approximately 3000 pounds of poultry spoiled causing a loss of several thousand dollars in labor costs and in the reduced price at which the meat was sold. Part of the claimant’s responsibility as supervisor was to check the freezer during the course of his shift. The claimant did not do so.”
The Board of Review adopted these findings.
Pursuant to LSA-R.S. 23:1634, the findings of fact by the Board of Review, if supported by sufficient evidence and in the absence of fraud, are conclusive. Hypolite v. Blache, 482 So.2d 940, 941 (La.App. 3d Cir.), writ denied, 485 So.2d 65 (La.1986). Our review of the record in this case discloses sufficient evidence to support the findings of fact by the Appeals Referee, and there is no allegation of fraud. Thus, we must determine whether the established facts entitle claimant to unemployment compensation benefits as a matter of law.
DISQUALIFYING MISCONDUCT
LSA-R.S. 23:1601(2) provides that an individual shall be disqualified from unemployment compensation benefits, if he has been discharged by his employer for misconduct connected with his employment. “Disqualifying misconduct” is interpreted as: (1) an act of willful or wanton disregard of the employer’s interest, (2) deliberate violation of the employer’s rules, (3) disregard of standards of behavior which the employer has a right to expect of his employee, or (4) negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design. Jenkins v. Blache, 471 So.2d 909, 911 (La.App. 2d Cir.1985). Louisiana jurisprudence further holds that the term misconduct is used to connote intentional wrongdoing. Thus, an employee’s performance can be unsatisfactory to the employer without being disqualifying misconduct. Unsatisfactory work, without the intent to do wrong, is not misconduct under LSA-R.S. 23:1601(2). Banks v. Administrator of Dept. of Employment, 393 So.2d 696, 699 (La.1981). The burden of proving misconduct of such grievous nature to disqualify the claimant from receiving benefits under the act is upon the employer. Payne v. Antoine’s Restaurant, 217 So.2d 514, 517 (La.App. 4th Cir.1969).
There is no suggestion in this case that claimant was engaged in deliberate conduct intended to harm his employer’s interests. It is clear from the testimony at the appeals hearing, that claimant was discharged for failing to report the malfunc *797 tioning freezer blast.[1] The Appeals Referee concluded that the claimant was discharged from his employment because of negligence in his job performance. We find that claimant’s failure to report the malfunctioning freezer blast constituted, at most, substandard work performance. This negligence on claimant’s part is not sufficient to constitute disqualifying misconduct within the meaning of R.S. 23:1601(2) as a matter of law.[2] Jacquet v. Consolidated Companies, Inc., 499 So.2d 1002, 1004 (La.App. 3d Cir.1986).
For the above and foregoing reasons, the judgment of the district court denying claimant unemployment benefits is reversed. Costs are assessed to ConAgra Poultry Company.
REVERSED.

. According to the claimant, he did not report this incident because, as stated by Daniel Burris, one of the employer’s representatives, "It’d slipped his mind." Claimant’s attention was apparently diverted from the freezer blast to another problem involving the chiller. Furthermore, claimant was working understaffed that day.

. We note that the Administrator of the Office of Employment Security, a defendant herein, is also appealing the Board of Review’s decision in this matter.