Zielinski Unemployment Compensation Case.

Submitted November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*George A. Dawson,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

PER CURIAM, December 29, 1953:

The claimant, Minnie Zielinski, was denied unemployment compensation benefits by the Unemployment Compensation Board of Review. The reason given for the disallowance was that claimant had left her last employment without good cause, and was therefore ineligible under section 402 (b) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802 (b). Our review on appeal by claimant is confined to the decision of the Board, which adopted the findings and conclusion of the referee in disallowing claimant's claims for benefits.

Claimant had been employed by the P. McGraw Wool Company in Pittsburgh for about sixteen years prior to September 29, 1952, which was the last day she worked for this employer. She had been employed as an examiner at a wage of $1.32 an hour until July 25, 1952, when the examining department was closed and claimant was transferred to the twisting department. She worked in the latter department for about forty days, or until September 30, 1952, when she failed to report for work. She had requested a co-worker to give notice that she was ill. Claimant did not return to the plant where she had been employed until October 10, 1952, when she met the company superintendent and requested a transfer to some other type of work. At that time she was informed that, having quit, she was no longer employed. Under an agreement between the union of which claimant was a member and the company, it was necessary that all employes after an absence of five days submit a doctor's certificate.

Claimant testified that the work in the twisting department made her nervous, but she did not consult a doctor. She was fully aware of the contract between the union and management but failed to comply with its provision which does not appear to be unreasonable.

The Board found (fifth and sixth findings of the referee) :

"5.   On October 10, 1952, the claimant . . . was advised that she had been absent for a period of five days and had not submitted a doctor's statement, as required by the Union-Management agreement, [and that] she had been removed from the payroll.   This action on the company's part was upheld by the union of which the claimant was a member.

"6.   The claimant did not present a doctor's statement as she was not under the care of a doctor."

All the findings of fact were clearly based on the evidence which discloses that claimant brought the employment relationship to an end by remaining at home for ten days without doing anything during that time to comply with the terms of the union-management agreement.   Her unsupported statement that the work made her nervous furnished no justification for noncompliance.   Beyond that testimony there was no proof that the work had an adverse effect upon her health. She apparently was dissatisfied with her job and decided to remain at home.   In *O'Donnell Unemployment Compensation Case,* 173 Pa. Superior Ct. 263, 267, 98 A. 2d 406, 408, we made this applicable statement: "An employe is bound to exercise reasonable diligence in the conduct of his own affairs.   'It seems entirely reasonable to hold that a claimant who neglects to take those precautions to guard his job, which a reasonably prudent person would take, . . . in effect leaves his employment voluntarily': Vernon Unemployment Compensation Case, 164 Pa. Superior Ct. 131, 135, 63 A. 2d 383, 384."

Decision is affirmed.