JUNE COOPER, Appellee,

*v.*

MRS. LEO BURSON, Commissioner, Appellant.

429 S.W.2d 424.

(*Knoxville,* September Term, 1967.)

Opinion filed June 21, 1968.

George W. Ridenour, Jr., Clinton, for appellee.

W. L. Moore and W. D. Dodson, Nashville, for appellant.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal by the Commissioner of Employment Security from a decree of the Law and Equity Court of Anderson County. The Board of Review of the Department affirmed the denial of benefits by the Department and the Appeals Referee in finding the applicant disqualified for benefits under T.C.A. sec. 50-1324, subd. A. On certiorari, the Judge, acting in the capacity of Chancellor, reversed the decision of the Board and awarded recovery.

The record shows that June Cooper, petitioner below, filed her claim for unemployment compensation on September 7, 1966. She had worked for Magnet Mills, Inc., at Clinton, Tennessee, from 1955 to August 10, 1966. The last working period had not been continuous, however, since she was granted a maternity leave between April and July, 1966. It was affirmatively established in the course of the proceedings that Mrs. Cooper voluntarily terminated her employment with Magnet Mills, Inc., because the air-conditioning in the plant aggravated a recurring bronchial condition with which she had been afflicted since at least 1964.

The Department of Employment Security determined that she voluntarily quit her work and was disqualified from receiving benefits under T.C.A. sec. 50-1324, subd. A. From that determination, Mrs. Cooper appealed to the Appeals Tribunal. There, the Appeals Referee held a hearing and took testimony from Mrs. Cooper and the Personnel Director of the separating employer, Magnet Mills, Inc.

The decision of the Department was affirmed by the Appeals Referee in a decision rendered on October 24, 1966. He specifically found that Mrs. Cooper voluntarily quit her employment upon the advice of her physician; that previously she had worked at other places but always in air-conditioned spaces; and that she had tried to find work at a local drug store, but had made no other efforts. The Appeals Referee therefore affirmed the Department in finding that she voluntarily left her most recent work without good cause connected with that work, and was thus disqualified.

An appeal was perfected to the Board of Review, where a hearing was held on January 19, 1967. At that hearing, Mrs. Cooper produced a letter from her physician stating (1) that he had treated her from December, 1964 to August 3, 1966, for a persistent, recurrent hoarseness and (2) that air-conditioning aggravated her condition, necessitating her resigning from work.

By its decision of February 14, 1967, the Board of Review affirmed the decision of the Appeals Referee. The Board found (1) that Mrs. Cooper had voluntarily resigned because of the air-conditioning in the plant; (2) that she had recovered at the time of the hearing but had not returned to her employer to apply for re-employment; and (3) that she did not qualify for the medical exception to the disqualification provisions of T.C.A. sec. 50-1324, subd. A, since, after being discharged from the doctor, she had not reported to her former employer and made herself available for work at her former position.

Mrs. Cooper requested a rehearing of the Board by a letter mailed on February 24, 1967. The request, treated as a petition to rehear, was denied by the Board on April 14, 1967.

On May 4, 1967, Mrs. Cooper filed a petition for certiorari in the Law and Equity Court for Anderson County. That court held a hearing and, by its decree of October 27, 1967, reversed the Board of Review. In a memorandum opinion, that court held that the decision of the Board of Review, in denying unemployment compensation, was "not consistent with the testimony adduced in the hearings." The court therefore held:

"This Court specifically finds that the petitioner did leave her place of employment with good cause connected with her work as contemplated in the applicable statutes. Petitioner is eligible for unemployment compensation consistent with the applicable statutes."

The statute in question, T.C.A. sec. 50-1324, subd. A, as it existed at the time the facts of this case occurred, is as follows:

"50-1324. *Disqualification for benefits.*—An individual shall be disqualified for benefits:

A. If the commissioner finds that he has left his most recent work voluntarily without good cause connected with his work, such disqualification shall be for the duration of the ensuing period of unemployment and until he has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and earned thereby five (5) times his weekly benefit amount. No disqualification shall be made hereunder, however, if such individual presents evidence supported by competent medical proof that he was forced to leave his most recent work because he was sick or disabled and notified his employer of that fact as soon as it was reasonably practical to do so, and returned to that employer and offered himself for work as soon as he was again able to work, and to perform his former duties. Neither shall this disqualification apply to an individual who left his work in good faith to join the armed forces of the United States."

The assignments of error raise the following questions: (1) Did the trial court err in making an independent finding of facts and in basing its decision on these findings?

(2) Did the trial court err in finding that the disqualification provisions of T.C.A. sec. 50-1324, subd. A did not apply, since the applicant left her most recent work with good cause connected with her work? (3) Did the trial court err in not finding that Mrs. Cooper failed to qualify for the medical exception to the applicable statute, T.C.A. sec. 50-1324, subd. A?

The trial court reversed the Board of Review and found that Mrs. Cooper left her employment with good cause connected with her work. This finding had the effect of qualifying Mrs. Cooper for unemployment compensation under T.C.A. sec. 50-1323.

The Commissioner argues that the trial court erred in this finding, since the review on certiorari is limited by T.C.A. sec. 50-1325 to a determination of whether or not there was any evidence to support the decision of the Board of Review. In this respect, T.C.A. sec. 50-1325 limits the review, as follows:

"In any judicial proceeding under this section, the findings of the board of review as to the facts, if there be any evidence to support the same, shall be conclusive and the jurisdiction of said court shall be confined to questions of law."

█ There appears to be no substantial question as to the facts which brought about the termination of Mrs. Cooper's employment—(1) The plant in which she worked was equipped with normal air-conditioning; (2) the plant air-conditioning aggravated her bronchial condition; (3) she had difficulty in any air-conditioned enclosure, including her church; and (4) it was possible that she might recover sufficiently in the future to once more be able to work in air-conditioned offices. The ultimate

question of whether Mrs. Cooper left her employment *with* or *without* good cause connected with her work was one of law to which the trial judge could make an independent determination. It thus becomes the responsibility of this Court to determine whether that decision was a correct one.

In *Cawthron v. Scott* (1966) 217 Tenn. 668, 400 S.W.2d 240, this Court interpreted T.C.A. sec. 50-1324, subd. A, as follows:

> "(1) The disqualifying provision of the statute under consideration is that a claimant will be eligible for unemployment insurance unless, 'he has left his most recent work voluntarily without cause connected with his work.' We think it is reasonable to say this means that the connection with employment must be one of cause and effect in cases of illness or disability. That is to say, a causal connection between the employment and the illness or disability is required."

That case involved the consideration of the application of two individuals. Mrs. Cawthron was required to undergo an operation for the removal of her gall bladder. She returned to work but was not able to continue on the night shift because the nervous tension resulting from the operation precluded her from sleeping during the day. She requested a transfer to the day shift but this was not possible. She terminated her employment on the advice of her doctor. In a companion case, Mrs. West also terminated her employment upon the advice of her doctor. She was caused to quit her job because it required certain wrist movements which she was not able to perform because of an injury sustained to her wrist. This Court upheld the decision of the Board of Review that

both these women left their employment voluntarily without cause connected with the work.

*Cawthron v. Scott,* supra, was followed in *Thach v. Scott* (1966) 219 Tenn. 390, 410 S.W.2d 173. There, the petitioner quit his work because a double curvature in his spine made it difficult and painful for him to lift heavy objects. This Court adopted the construction of the statute in *Cawthron v. Scott,* supra, "that there must be a showing of a causal connection between the disability or illness and the work in order for the termination to be deemed involuntary."

■ In the present case the facts, as contained in the record, will not sustain a finding that the termination of employment by Mrs. Cooper was either involuntary or was with good cause connected with her work. The fact that the air-conditioning in her office aggravated the pre-existing bronchial condition is not a cause which can be laid to her employment.

As this Court said in *Thach v. Scott,* supra, problems involving qualification for unemployment compensation primarily involve statutory construction. Unemployment compensation is not necessarily health insurance. For Mrs. Cooper to qualify, she must do so under the statute. Having thus found that Mrs. Cooper's case was controlled by T.C.A. sec. 50-1324, and particularly subsection A, it now becomes our task to further examine the factual situation in order to determine if Mrs. Cooper can bring herself within the express exceptions to that disqualifying provision.

T.C.A. sec. 50-1324, subd. A lists three ways in which an employee may avoid or terminate the disqualification resulting from his having left his most recent work

voluntarily without good cause connected with his work. First, the employee may qualify for benefits at a later date if he can put himself back into the labor force by securing "subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and earned thereby five (5) times his weekly benefit amount." Secondly, the employee may bring himself within the medical exception to avoid disqualification if he (1) presents evidence, supported by competent medical proof, that he was forced to leave his most recent work because he was sick or disabled; (2) notifies his employer of this fact within a reasonable time; *and* (3) returns to that employer and offers himself for work as soon as he is again able to work and to perform his former duties. Thirdly, the employee can avoid the disqualification by showing that he left his work in good faith to join the Armed Forces of the United States.

The only exception which Mrs. Cooper sought to take advantage of was the medical. In this regard, the Board found that she did not come within that exception because she had not complied with the prerequisite of returning to her employer and offering herself for work. Mrs. Cooper argues that she was not required to comply with this prerequisite because she was still undergoing treatment for her bronchial condition; and consequently, she was not able to perform her former duties. She further argues that she is not now precluded from gainful employment in other positions that do not require her to work in air-conditioned spaces.

The statute provides that the employee is entitled to unemployment compensation if he cannot obtain employment from his employer upon prompt reapplication,

once the cause of termination is arrested. This prompt reapplication prerequisite has been held to be mandatory. *Guffey v. Scott* (1966) 217 Tenn. 707, 400 S.W.2d 705.

In the present case, Mrs. Cooper claims that her disablement is still existing. If this is true, she is not entitled to unemployment compensation at the present time. When she is able to comply with the provisions of the medical exception to sec. 50-1324, subd. A—or when she can otherwise remove the disqualification by obtaining other employment for the period required by sec. 50-1324, subd. A—her situation would then be mature for reapplication for unemployment compensation in a proper case.

The trial court was in error in reversing the action of the Board of Review for the reasons herein stated. The judgment is reversed and the cause dismissed at the cost of the employee, June Cooper.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.