James L. KUNTZ, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Litho Carton & Container, Appellees.

No. 2–1178A387.

Court of Appeals of Indiana, Second District.

May 14, 1979.

Sarah A. Carter, Columbus, Peter L. Cassady, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

James L. Kuntz (Kuntz) brings this appeal from the Review Board of the Indiana Employment Security Division (Review Board) which denied Kuntz employment benefits because he was discharged for just cause under Ind.Code 22–4–15–1.

We reverse and remand for further proceedings not inconsistent with this opinion.

Because of our decision we need discuss only two related issues raised by Kuntz which are whether he was terminated for just cause in connection with work and whether the Review Board's finding of ba-

sic facts which resulted in its determination is supported by the evidence.

The Review Board made the following findings and conclusions:

CASE HISTORY—SOURCE OF APPEAL: The employer appealed to the Review Board from the referee decision mailed May 8, 1978, which affirmed the deputy's initial determination of March 15, 1978, holding that claimant was discharged on February 3, 1978, but not for just cause in connection with work. Claimant was entitled to benefits, if otherwise eligible. At the Review Board hearing on September 28, 1978, the employer was represented by C. H. Klein, Sr., President. The claimant appeared in person.

The point in dispute before the Review Board is whether claimant was discharged for just cause in connection with work within the meaning of Chapter 15–1 of the Act.

STATEMENT OF FACTS: The evidence of record indicates that claimant was employed from September 1, 1969, to on or about January 30, 1978, and was discharged on February 3, 1978; that claimant was absent on January 31, February 1, and February 2, 1978; that the employer received a phone call from claimant's son stating that claimant would be absent; that claimant alleged that his absence was due to a virus and that he had been to a doctor for treatment; and that claimant failed to provide the employer with medically documented substantiated proof on his return to work on February 3, 1978, that he had been ill.

FINDINGS AND CONCLUSIONS: The Review Board finds that claimant was absent from work on January 31, February 1, and February 2, 1978, and that the employer was notified, by claimant's son, that claimant would not report for work on January 31, 1978. No call was received from claimant on February 1, or February 2, 1978, indicating he would not report for work.

It further finds that claimant, on his return to work on February 3, 1978, did not

provide the employer with medically substantiated proof that he had been ill after he was instructed to do so by the employer.

The Review Board concludes that claimant failed to provide the employer with medically documented verification of his illness on February 3, 1978, for absences on January 31, February 1, and February 2, 1978, after he had instructions to do so. It is therefore concluded that claimant was discharged for just cause in connection with work within the meaning of Chapter 15–1 of the Act.

DECISION: The decision of Referee Wadsworth in Case No. 78–A–3237 is hereby reversed this 10 day of October, 1978. The statutory disqualifications under Chapter 15–1 of the Act are imposed effective week ending February 4, 1978.

■ This court reviews the decision of the Review Board without reference to the conclusion of the deputy or referee. *Ervin v. Review Board of Indiana Employment Security Division*, (1977) Ind.App., 364 N.E.2d 1189; *Davis v. Review Board of Indiana Employment Security Division*, (1973) 157 Ind.App. 455, 300 N.E.2d 690. We will review then only the Review Board's findings and conclusions of discharge for just cause, which is that, "claimant failed to provide the employer with medically documented verification of his illness on February 3, 1978 for absences on January 31, February 1, and February 2, 1978, after he had instructions to do so."

■ We first set out the standard of review in this case. Generally, the Review Board's decision as to all questions of fact is conclusive and binding on this court. *Ervin, supra* at 1193; Ind.Code 22–4–17–12. In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision. *Ervin, supra* at 1193; *Skirvin v. Review Board of Indiana Employment Security Division*, (1976) Ind.App., 355 N.E.2d 425. On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record. *Ervin, supra* at 1193; *Skirvin, supra* at 428.

The relevant statute concerning discharge is I.C. 22–4–15–1, which reads in pertinent part as follows:

"Discharge for just cause" as used in this section is defined to include but not limited to separation initiated by an employer for . . . knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness . . . refusing to obey instructions . . . or any breach of duty in connection with work which is reasonably owed employer by an employee.

■ Absence or tardiness from work without acceptable excuse may be a proper basis for dismissal of an employee. *Williams v. Review Board of Indiana Employment Security Division*, (1977) Ind.App., 366 N.E.2d 712, 714. *See generally* Annot., 58 A.L.R.3d 679 (1974). While such dismissals are usually for absenteeism of a chronic or habitual nature, single absences under appropriate circumstances have been held to constitute just cause for dismissal. *Williams, supra* at 714. In *Williams*, for example, just cause was affirmed by the appellate court when the claimant did not return to work with verification for his absence as *expressly* demanded by the employer when giving the claimant a pass to leave the place of employment. Also, where there is an established and known rule of the employer that verification is necessary upon return, discharge for just cause has been upheld when there is failure to comply. *See, e. g., Zielinski v. Unemployment Compensation Board of Review*, (1953) 174 Pa. Super. 244, 101 A.2d 419.

Since we reverse, we feel compelled to set out the entire record concerning the demand for medical verification. The testimony in the record consists only of the president of the employer and the employee and, under the standard of review outlined above, we look at that evidence most favorable to the employer:

Employer's President (hereafter employer): . . . his son called in on January 31, said his father wasn't coming in on . . . February 1 or February 2, and no word from him. He came in February 3 and picked up his pay check, and he had no slip from the doctor.

Referee: Had he been told to bring in a doctor's statement?

Employer: That's customary with us.

Referee: Well, had he been told at this particular time to bring in one?

Employer: He walked in and he was asked if he had one, and he said no.

Referee: Did you give him a chance to get one?

Employer: He still has the chance to get one, he still had a chance to get one.

And later in the testimony:

Employer: Mr. Kuntz did bring in a doctor's note dated March 1.

Referee: Well, obviously, we have two different doctors' statements and you're contending that the statement was made on November or March the 1st. Here is a statement from his doctor that says that he was treated in his office for a virus on February 1, 1978.

Employer: I've never seen that before.

Referee: So obviously, we have two different statements. You have one that must of been a misprint or something if it shows March the 1st. . . .[1]

This is the most favorable evidence on which the Review Board could have based its reversal of the referee's decision.

 The Review Board's finding and conclusion that "claimant failed to provide the employer with medically documented verification of his illness on *February 3, 1978* for absences . . . *after he had instructions to do so*[,]" (emphasis added) is in the first place insufficient for us to make a proper review. Does the Review Board mean that it finds there was a "knowing violation of a reasonable and uniformly en-forced rule of the employer" when Kuntz failed to bring, on February 3, medical verification of his illness, or does the Review Board find that Kuntz was instructed on February 3 to bring in medical verification, failed to do so and then was fired on the same day for this failure? This insufficiently specific finding by the Review Board by itself would be grounds for reversal, *Gardner v. Review Board of Indiana Employment Security Division*, (1974) 162 Ind.App. 125, 318 N.E.2d 361, 366, but we further note that, as the above excerpt from the testimony shows, there is no evidence to sustain either finding.

 While we give great deference to the findings of the Review Board and will not weigh the evidence, we cannot through the process of reasonable inference, fabricate evidence to support the Review Board's findings. The response, "That's customary with us" to the question of whether Kuntz had been told to bring a statement with him cannot be transferred by us into a reasonable and uniformly enforced rule known by Kuntz. We are left wondering exactly what the rule is, whether it was uniformly enforced and whether Kuntz knew of its existence. As to the other factual possibility, there is no evidence that Kuntz, upon being told on February 3 to obtain a verification, was ever given an opportunity to do so before being discharged.

Reversed and remanded for further proceedings not inconsistent with this opinion.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

1. Although *Ind.Code* 22–4–17–6 provides that "[a] full and complete record shall be kept of all proceedings in connection with a disputed claim," the two doctors' verification statements were not put into the record.