[No. 12379-7-II.   Division Two.   October 24, 1989.]

LARRY SMITH, *Appellant*, v. THE DEPARTMENT
OF EMPLOYMENT SECURITY, *Respondent*.

*Martha L. Schmidt*, for appellant.

*Kenneth O. Eikenberry, Attorney General*, and *John M. Sells, Assistant*, for respondent.

WORSWICK, J.—Larry Smith's claim for unemployment compensation was denied by the field staff of the Employment Security Department and, in successive appeals, by

the Administrative Law Judge, the Commissioner of the Department, and the Superior Court. We affirm, also denying the claim.

The following summary of the critical facts is supported by the ALJ's findings of fact and the administrative record considered as a whole:[1] Labor unrest at Lockheed's Seattle shipyard foretold an impending strike. Smith, a foreman but also a union member, knew that he could not work during a strike, and he feared the loss of income that a strike would cause him. He knew that he could not draw unemployment benefits if the strike occurred unless he was fired. He knew that Lockheed would not fire him as long as he was a foreman, but that he had insufficient seniority to be kept on as a journeyman. Lockheed would have to fire him if he were downgraded. He wanted to be fired.

Smith requested a downgrade; Lockheed refused. Smith then informed his doctor that he was seeking a downgrade, and he asked the doctor for a written statement supporting the request. When Lockheed's personnel department received the statement, it told Smith's immediate supervisors that they had to grant the downgrade. They complied, simultaneously issuing a termination notice. Soon thereafter, Smith applied for unemployment compensation.

RCW 50.20.050(1) disqualifies from benefits one who leaves work voluntarily without good cause. The dispositive issue is whether Smith left work voluntarily. We hold that he did.

■ Smith argues that he should prevail because doubts should be resolved in favor of liberal availability of benefits, and because it seems doubtful that the disqualification was intended to apply to these facts. Both of these premises are

---

[1] We consider it unnecessary to discuss the burden of proof or standard of review; the facts are clear and the record supports the Commissioner's decision under any applicable standard. Moreover, Smith has made no adequate assignments of error to any of the ALJ's findings, and we may accept them as verities. *Fuller v. Department of Empl. Sec.*, 52 Wn. App. 603, 762 P.2d 367 (1988). *See also Safeco Ins. Co. v. Meyering*, 102 Wn.2d 385, 390, 687 P.2d 195 (1984); *Thomas v. French*, 99 Wn.2d 95, 659 P.2d 1097 (1983).

incorrect. Benefits are intended only for those who become unemployed through no fault of their own. *Macey v. Department of Empl. Sec.*, 110 Wn.2d 308, 752 P.2d 372 (1988). In furtherance of this objective, it is the Department's duty to analyze the facts of each case to determine what actually caused the termination. *Safeco*, 102 Wn.2d at 392–93.

■ The employee is disqualified if it is determined that he committed an act knowing and intending that it would result in his termination. *Vergeyle v. Department of Empl. Sec.*, 28 Wn. App. 399, 623 P.2d 736 (1981), *cited with approval in Safeco*, 102 Wn.2d at 393. *See also Korte v. Department of Empl. Sec.*, 47 Wn. App. 296, 734 P.2d 939 (1987). Smith committed such an act.

This case is aptly summarized in the ALJ's conclusion of law 4:

> The claimant did bring on his own job separation. He knew that if he was downgraded from his foreman's position he would be laid off. He sought the downgrade because he wished to become unemployed before there was a work stoppage due to a labor dispute. This was apparent to his supervisor who resisted the claimant's effort to secure the downgrade until he was compelled to grant it by his supervisor. However, [the supervisor] treated the job separation as a voluntary quit by the claimant and that was exactly what it was.

■ The good cause element requires little discussion, for it is obvious that the desire to qualify for unemployment compensation during a strike is not good cause to terminate employment voluntarily.

Affirmed.

ALEXANDER, C.J., and REED, J., concur.