# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

April 11, 1997

Cecil W. Crowson
Appellate Court Clerk

DOUGLAS McPHERSON,      )
          )
    Plaintiff/Appellant,    )
          )
VS.          )  Davidson Chancery
          )  No. 93-3444-II
BILLY STOKES, in his capacity as  )
Commissioner of the Tennessee  )  Appeal No.
Department of Employment Security; )  01A01-9505-CH-00216
and SATURN CORPORATION, a  )
corporation doing business in  )
Tennessee,        )
          )
    Defendants/Appellees.   )

## APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE C. ALLEN HIGH, CHANCELLOR

For the Plaintiff/Appellant:     For the Defendant/Appellee
          State of Tennessee:

David Kozlowski
Columbia, Tennessee     John Knox Walkup
          Attorney General and Reporter

          Robert W. Stack
          Vernon A. Melton, Jr.
          Nashville, Tennessee

          Saturn Corporation:

          Waverly D. Crenshaw, Jr.
          Stephen W. Grace
          Waller, Lansden, Dortch & Davis
          Nashville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves a claim for unemployment compensation benefits by an employee who declined to return to work following a leave of absence. The Department of Employment Security denied the claim because the employee had left his job voluntarily without good cause connected with his work. The Chancery Court for Davidson County affirmed the denial of the employee's claim, and the employee perfected this appeal, asserting that he did not leave his job voluntarily because his employer had not formally denied his second request for personal leave when it notified him of his separation. We affirm the denial of unemployment compensation benefits.

## I.

Douglas McPherson began working at Saturn in June 1992. Six months later, he requested a one-month leave of absence to enable him to appear as a witness in court proceedings in Michigan. Saturn granted Mr. McPherson leave from January 11 through February 11, 1993. Mr. McPherson decided to take additional leave before his original leave expired, and on February 5, 1993, mailed Saturn a standard form requesting additional leave until January 11, 1994. In an accompanying letter, Mr. McPherson justified his request for additional leave on "an ongoing court subpoena and unfinished personal business."

Saturn did not act immediately on Mr. McPherson's second request for leave but apparently telephoned him several times to discuss his plans for returning to work. During one conversation, a supervisor informed Mr. McPherson that "We don't think we can approve this absence for the length of time you're asking." Mr. McPherson remained in Michigan rather than returning to work, and on March 5, 1993 wrote Saturn a letter insisting on written notice of "Saturn's position on this matter." On March 12, 1993, Saturn informed Mr. McPherson that he was being "separated . . . as a voluntary quit" effective on March 12, 1993 because he had failed to report for work following the expiration of his personal leave of absence.

Mr. McPherson filed a claim for unemployment compensation benefits on March 23, 1993. The Department of Employment Security denied his claim on April 1, 1993, and the department's board of review upheld the denial on October 13, 1993. Mr. McPherson then sought judicial review of the administrative denial of his claim, and on March 17, 1995, the Chancery Court for Davidson County affirmed the administrative decision that Mr. McPherson was not entitled to unemployment compensation benefits.

## II.

Tennessee's unemployment compensation statutes provide a system of temporary compensation to help support workers who become unemployed through no fault of their own. The system is expressly aimed at ameliorating the harsh economic effects of involuntary unemployment on workers and their families. *See* Tenn. Code Ann. § 50-7-102(a) (1991). Accordingly, workers who leave their jobs "voluntarily without good cause connected with . . . [their] work" are not entitled to receive unemployment compensation benefits. Tenn. Code Ann. § 50-7-303(a)(1) (Supp. 1996).

The courts review administrative decisions regarding unemployment compensation benefits using the standards contained in Tenn. Code Ann. § 50-7-304(i)(2) (Supp. 1996). The sole issue presented by this appeal is whether the administrative denial of Mr. McPherson's claim is based on a correct interpretation and application of the statutory "voluntary quit" disqualification. *See* Tenn. Code Ann. § 50-7-304(i)(2)(A). Since the material facts in this case are essentially undisputed, this issue presents a question of law. *Cooper v. Burson,* 221 Tenn. 621, 626-27, 429 S.W.2d 424, 426 (1968); *Frogge v. Davenport,* 906 S.W.2d 920, 922 (Tenn. Ct. App. 1995).

## III.

Mr. McPherson justifies his continued absence from work by asserting that he was not required to return to his job until he received a formal, written denial

of his second request for extended personal leave. At the administrative hearing, he asserted that a court subpoena took precedence over Saturn's expectation that he would return to work and insisted that he "did not really need a request for special leave of absence for personal reasons." Mr. McPherson has cited no work rule or other authority for the notion that an employee can unilaterally extend his or her own leave in these circumstances.

## A.

An employee need not form a specific intent to quit his or her job to be disqualified to receive unemployment compensation benefits under Tenn. Code Ann. § 50-7-303(a)(1). Courts will find that an employee has voluntarily terminated employment if the employee fails to take all necessary and reasonable steps to protect his or her employment. *Freeman v. District of Columbia Dep't of Employment Servs.,* 568 A.2d 1091, 1093 (D.C. 1990); *In re Claim of Bonilla,* 650 N.Y.S.2d 360, 361 (N.Y. App. Div. 1996); *Zielinski v. Unemployment Compensation Bd. of Review,* 101 A.2d 419, 420 (Pa. Super. Ct. 1953). Accordingly, a voluntary act or failure to act with knowledge that termination may follow can be considered a voluntary leaving. *Smith v. Department of Employment Sec.,* 780 P.2d 1335, 1336 (Wash. Ct. App. 1989); Paul H. Sanders, *Disqualification for Unemployment Insurance,* 8 Vand. L. Rev. 307, 317-20 (1955).

In this context, the word "voluntarily" connotes the employee's volition or will in contrast to conduct compelled by the employer. *Cruz v. District of Columbia Dep't of Employment Servs.,* 633 A.2d 66, 70 (D.C. 1993); *Dingmann v. Travelers Country Club,* 420 N.W.2d 231, 233 (Minn. Ct. App. 1988); *Chandler v. Department of Employment Sec.,* 678 P.2d 315, 320 (Utah 1984). Voluntary acts are ones taken on the employee's own motion or accord. *Moulton v. Iowa Employment Sec. Comm'n,* 34 N.W.2d 211, 213 (Iowa 1948); *Kentucky Unemployment Ins. Comm'n v. Young,* 389 S.W.2d 451, 453 (Ky. Ct. App. 1965).

As a general matter, employees who do not return to work following a leave of absence are deemed to have left their employment voluntarily. *Nofrio v. Department of Labor & Employment Sec.,* 442 So. 2d 268, 269 (Fla. Dist. Ct. App. 1983); *In re Juarez,* 646 N.Y.S.2d 735, 736 (N.Y. App. Div. 1996). Occasions may arise, however, that require an employer to give an employee the choice of returning to work or being terminated. Thus, employees who have not returned to work have not lost their unemployment compensation benefits if their employer's failure to inform them that their leave is unacceptable leads them to believe that the leave is excused. *See Goodman v. Engle Homes, Inc.,* 621 So.2d 523, 524 (Fla. Dist. Ct. App. 1993).

**B.**

This is not a case in which Saturn's inaction induced Mr. McPherson to believe that his continuing absence from work was excused. To the contrary, Mr. McPherson unilaterally decided to extend his leave when he knew that Saturn expected him to return to work. Saturn's standard leave form, which Mr. McPherson filled out on two occasions, states that "[f]ailure to return to work on the first scheduled work day following the expiration date of this leave will be considered a voluntary quit, and separation will occur." In addition to this warning, one of Mr. McPherson's supervisors told him during a telephone conversation following the expiration of his first leave that his second leave request would not be approved.

Rather than taking steps to return to work following his telephone conversations with Saturn personnel, Mr. McPherson decided to prolong his leave by demanding a formal written response to his request for leave even though he already knew his request had not and would not be approved. Mr. McPherson failed to take the steps reasonably necessary to protect his job when he decided not to return to work. His decision was a voluntary one, and thus the administrative agency properly concluded that he had voluntarily left his employment without good cause connected with the work.

## IV.

We affirm the denial of Mr. McPherson's claim for unemployment compensation benefits and remand the case to the trial court for whatever additional proceedings may be necessary. We tax the costs of this appeal to Douglas McPherson and his surety for which execution, if necessary, may issue.


_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE