IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 21, 2004 Session

## BECKY ELLIOTT v. JAMES G. NEELEY

**Appeal from the Chancery Court for Blount County**
**No. CH-03-124     Telford E. Forgety, Jr., Chancellor**

---

**No. E2004-00203-COA-R3-CV  - FILED FEBRUARY 22, 2005**

---

This is an unemployment compensation case.  The Tennessee Department of Labor and Workforce Development ("the Department") denied the claim of Becky Elliott for unemployment benefits, finding that the plaintiff quit her job without good cause connected to her employment.  After exhausting her administrative remedies to no avail, the plaintiff sued James G. Neeley, the Commissioner of the Department, seeking judicial review in the trial court, which court affirmed the Department's denial of benefits.  The plaintiff appeals, essentially arguing that the Department's decision is not supported by substantial and material evidence.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Becky Elliott, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Warren A. Jasper, Assistant Attorney General, for the appellee, James G. Neeley, Commissioner of the Tennessee Department of Labor and Workforce Development.

**OPINION**

I.

On September 13, 2002, the plaintiff took a job as a dishwasher with the Plaza Restaurant. Three months later, the plaintiff noticed that some grease had been spilled on the floor in the area in which she worked.  Because of her concern over slipping and aggravating a pre-existing back injury, the plaintiff brought the grease spill to the attention of her manager and asked that someone clean up the area.  When nothing was done to address her concerns, the plaintiff quit her job.

On December 20, 2002, the plaintiff filed a claim for unemployment benefits with the Department. The Department denied the plaintiff's claim in a letter dated January 6, 2003, finding that the plaintiff had not "exhausted all reasonable alternatives prior to leaving" and that her "quitting was not with good cause connected with work under [Tenn. Code Ann. §] 50-7-303." The plaintiff appealed this decision to the Department's Appeals Tribunal, which held a *de novo* hearing on February 28, 2003. Both the plaintiff and her former employer testified at the hearing. A few days later, the Appeals Tribunal issued its decision, in which it affirmed the Department's finding that the plaintiff quit her job without good cause connected to work.

Subsequently, the plaintiff appealed to the Department's Board of Review, which reviewed the entire record of the case. The Board of Review affirmed the finding of the Appeals Tribunal and adopted its decision. On June 19, 2003, the Board of Review denied the plaintiff's petition to rehear.

On July 29, 2003, the plaintiff filed a petition for judicial review in the trial court. After reviewing the record of the administrative proceedings and the briefs of the parties, as well as hearing oral argument, the trial court affirmed the decision of the Department's Board of Review, finding that the record contained "substantial and material evidence to support the decision of the Board of Review, [and] that the decision is supported by a reasonable basis in law."

From this ruling, the plaintiff appeals.

II.

Trial courts and appellate courts employ the same standard of review when reviewing decisions of administrative agencies. *Armstrong v. Neel*, 725 S.W.2d 953, 955 n.1 (Tenn. Ct. App. 1986). The standard, framed in terms of the trial court's review and as applicable to the case before us, is as follows:

> (2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (A) In violation of constitutional or statutory provisions;
>
> (B) In excess of the statutory authority of the agency;
>
> (C) Made upon unlawful procedure;
>
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(E) Unsupported by evidence which is both substantial and material in the light of the entire record.

(3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. . . .

Tenn. Code Ann. § 50-7-304(i)(2)-(3) (Supp. 2004).

A claimant will be ineligible to receive unemployment benefits "[i]f the administrator finds that the claimant has left such claimant's most recent work voluntarily without good cause connected with such claimant's work." Tenn. Code Ann. § 50-7-303(a)(1) (Supp. 2004). It is well-settled that the issue of whether an employee has voluntarily quit his or her employment without good cause is a question of law for our determination based upon the facts in the record. *Cooper v. Burson*, 429 S.W.2d 424, 426 (Tenn. 1968); *McPherson v. Stokes*, 954 S.W.2d 749, 751 (Tenn. Ct. App. 1997).

III.

The plaintiff primarily contends that the Department's decision to deny her unemployment benefits is not supported by substantial and material evidence. *See* Tenn. Code Ann. § 50-7-304(i)(2)(E). Substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *S. Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). When determining the sufficiency of the evidence, a court must "take into account whatever in the record fairly detracts from its weight, but [it] shall not substitute [its] judgment for that of the board of review as to the weight of the evidence on questions of fact." Tenn. Code Ann. § 50-7-304(i)(3).

The plaintiff challenges the Department's finding that she left work without good cause connected to her employment. The plaintiff claims that when she reported to work on December 13, 2002, she noticed a "large liquid grease puddle" that had been left on the floor overnight in front of the dishwasher, which is the area in which the plaintiff worked. The plaintiff alleges that she reported this "dangerous situation" to her employer, but that the employer did nothing about it. At that point, the plaintiff took photos of the grease puddle, then spoke again to her employer about having the area cleaned. When the employer took no action, the plaintiff voluntarily quit her job. The plaintiff asserts that she had no choice but to quit, as she feared for her safety due to her concern over falling and potentially aggravating a pre-existing back injury.

The Board of Review affirmed and adopted the findings of fact and conclusions of law of the Appeals Tribunal, which had made the following factual findings:

Claimant's most recent employment prior to filing this claim was with Plaza Restaurant from September 2002 until December 2002 at which time she quit her job because she was dissatisfied with the working conditions which she considered unsafe and unsanitary. Although employer passed each one of its last two health inspections, claimant felt the conditions were unsanitary and after expressing her dissatisfaction, she quit her job.

Our review of the record reveals that substantial and material evidence supports these factual findings. The plaintiff does not contest the fact that she voluntarily quit her job. While the two health inspections made just prior to the plaintiff's quitting revealed that the floors of the restaurant were dirty and in need of repair, the restaurant nevertheless received passing scores each time. While not a part of the Appeals Tribunal's factual findings, the photographs of the grease spill taken by the plaintiff reveal that four large rubber mats, placed together and forming a large square, were on the floor in front of the dishwashing area. One of the four mats had been pushed or pulled aside, leaving a small triangular area of floor in the middle of the four mats. In the middle of this triangular area, there appears to be some amount of grease on the floor. The mats appear to be separated for the purpose of facilitating the taking of the photographs.

Applying these facts to the standard of law set forth in Tenn. Code Ann. § 50-7-303(a)(1), we cannot say that the plaintiff quit her job with good cause connected to her work. There is simply no evidence that the area in which the plaintiff would have been working was unsafe. In fact, the photographs taken by the plaintiff do nothing to help her case. The large rubber mats on the floor in front of the dishwasher are obviously there as a safety measure to prevent anyone from slipping, and the fact that a small amount of grease had been spilled in a small area *that would ordinarily have been underneath the mats*, had one of the mats not been pushed or pulled askew, should not have caused a reasonable person to fear for her safety such that she felt compelled to quit her job. Accordingly, we find that there is substantial and material evidence to support the Department's finding that the plaintiff quit her job without good cause connected to her employment.

IV.

The plaintiff also raises several procedural issues for our review. First, she argues that the trial court erred in failing to grant the plaintiff's motion for default judgment against the Department and other ostensible defendants, as none of them filed an answer within 30 days of being served with the plaintiff's petition, in violation of Tenn. R. Civ. P. 12.01. In addition, the plaintiff finds fault with the Department's failure to file the administrative record with the trial court within 30 days.

The decision to grant or deny a motion for default judgment rests within the sound discretion of the trial court, *see* Tenn. R. Civ. P. 55.01 (stating that the trial court *may* enter default judgment upon a showing that the opposing party failed to comply with the rules of civil procedure), and we will not disturb such a decision on appeal absent a showing that the lower court abused its discretion. "The fact that a decision is discretionary with a trial court necessarily implies that the trial court has

a choice of alternatives among a range of acceptable ones; the reviewing court's job is to determine whether the trial court's decision is within the range of acceptable alternatives, given the applicable legal principles and the evidence in the case." *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193-94 (Tenn. Ct. App. 2000) (citation omitted). We cannot say that the trial court abused its discretion in choosing to deny the plaintiff's motion for default judgment. Accordingly, we find no reversible error in this decision.

In connection with the trial court's denial of the plaintiff's motion for default judgment, the plaintiff contends that the trial court is in violation of judicial canon 2A, which states that a judge must comply with the law and avoid the appearance of impropriety. *See* Tenn. Sup. Ct. R. 10. There is absolutely nothing in the record to support the plaintiff's contention of a violation of the code of judicial conduct, and such a contention merits no further discussion.

Next, the plaintiff asserts that the trial court erred in affirming the decision of the Board of Review because the Appeals Tribunal refused to reschedule the plaintiff's hearing after a subpoenaed witness failed to appear. The record reflects that the officer conducting the hearing allowed the plaintiff to testify as to what the missing witness would have stated, and the officer even explained to the plaintiff that he assumed the witness would have supported the plaintiff's claims. Further, our review of the record reveals that the missing witness actually refused service of the subpoena. Therefore, her failure to appear at the hearing was through no fault of the Department. Moreover, we cannot say that the failure of this witness to appear and testify more probably than not affected the outcome of the plaintiff's case. *See* Tenn. R. App. P. 36(b). Accordingly, any potential error arising from the failure to reschedule the hearing is harmless.

Finally, the plaintiff argues that the entire process for determining eligibility for unemployment benefits is "'shroud[ed]' . . . in secrecy" and that the Department consistently relies upon "some nebulous statute – [Tenn. Code Ann. §] 50-7-303(a)(1)" as authority for the denial of benefits. As the plaintiff is obviously aware – given the number of times the statute is cited and relied upon in her briefs to the court – the process for determining whether an employee is eligible for benefits is clearly set forth in Tenn. Code Ann. § 50-7-301, *et seq.* The "nebulous" statute referred to by the plaintiff is in fact the statute which lists the situations in which an employee can be deemed ineligible for benefits. As we have already held, consistent with every other tribunal that has reviewed the instant case, the plaintiff left work voluntarily without good cause connected to her employment, pursuant to Tenn. Code Ann. § 50-7-303(a)(1), thus preventing her from being eligible to receive unemployment benefits. Therefore, the plaintiff's final issue is found to be without merit.

V.

The judgment of the trial court is affirmed. This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Becky Elliott.

_____
CHARLES D. SUSANO, JR., JUDGE